2003 OK CIV APP 92

**In the Matter of Child, B.R.W.**

**Brandon Shane Womack and Kristina Ann Womack, Appellants,**

v.

**Felicia Rudey Schmidt, Appellee.**

**No. 98,899.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 19, 2003.

Richard A. Williams, Pain and Garland, Anadarko, OK, for Appellants.

Githen K. Rhoads, Lawton, OK, For Appellee.

## OPINION

ADAMS, Presiding Judge.

¶1 Brandon Womack, the father of the minor child, B.R.W., and his wife, Kristina Womack (collectively, the Womacks), appeal a trial court's order denying their petition to terminate parental rights and to declare B.R.W. eligible for adoption without the consent of her mother, Felicia Schmidt (Mother).[1] The Womacks argue, *inter alia*, that the trial court erred in failing to appoint an attorney for B.R.W. We agree and reverse the order.

¶2 According to the Womacks, Mother's consent was made unnecessary under the provisions of 10 O.S.2001 § 7505–4.2(H)(1)

---

1. We note that there appears to be no Oklahoma authority authorizing a custodial parent to bring an action for termination of parental rights under these circumstances. The Oklahoma Adoption Code, 10 O.S.2001 § 7501–1.1 *et seq.*, allows a custodial parent to bring an action for termination of parental rights only against *putative fathers* in § 7505–4.1. Moreover, the Oklahoma

Adoption Code controls any action for termination of parental rights where the child is not alleged to be deprived. *See* 10 O.S.2001 § 7006–1.1(C). However, the Womacks also requested the appropriate relief available under § 7505–4.1, *i.e.*, a determination that B.R.W. was eligible for adoption without the consent of her mother.

and (I)(1).[2] The trial court denied the Womacks' request, specifically concluding that the Womacks had not presented proof "beyond a reasonable doubt" and had interfered with Mother's ability to maintain a relationship with the child.[3]

¶ 3 For reversal, the Womacks first argue that the trial court was required to appoint an attorney to represent B.R.W. Mother conceded this should have been done, but argues that the Womacks may not raise this error on appeal because they did not request the appointment of an attorney for B.R.W. in the trial court. However, "fundamental error" is an exception to the general rule that an appellant may not obtain reversal on an issue not raised in the trial court, *see Pine Island RV Resort, Inc. v. Resort Management, Inc.*, 1996 OK 83, 922 P.2d 609, and *In the Matter of Adoption of K.D.K.*, 1997 OK 69, ¶ 3, 940 P.2d 216, 217, holds "the trial court's failure to appoint independent counsel to represent the minor child . . . at the hearing to determine eligibility for adoption without the parental consent . . . constitutes *fundamental error*." (Emphasis added).

¶ 4 *K.D.K.* requires us to reverse the trial court's order and remand the case for a new trial. We need not specifically address most of the Womacks' remaining arguments for reversal because they involve examination of the sufficiency of the evidence to support the trial court's order.[4] However, we will address the Womacks' argument concerning the appropriate burden of proof because the alleged error is likely to be repeated upon remand.

¶ 5 The Womacks contend the trial court erred in finding that they failed to comply with 25 U.S.C. § 1912(f) of the federal Indian Child Welfare Act (ICWA),[5] arguing that this particular proceeding does not involve removal of an Indian child from an Indian parent or Indian environment. We agree.

¶ 6 After considering the purpose of ICWA and certain language within 25 U.S.C. § 1912, the Oklahoma Supreme Court held in *Matter of the Adoption of D.M.J.*, 1985 OK 92, ¶ 12, 741 P.2d 1386, 1389, that § 1912(f) did not apply to an adoption case "in the absence of an attempt to 'break-up the Indian family' or interrupt the 'continued custody' of the child by the Indian parent." Based thereon, the Court affirmed the trial court's determination that ICWA did not apply to the adoption of D.M.J. without her Indian father's consent because she had been

---

2. Under § 7505–4.2(H)(1), consent to an adoption is not required from a parent who "fails to establish and/or maintain a substantial and positive relationship with a minor for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of the child." Under § 7505–4.2(I)(1), consent is not required from a parent who "failed to protect the minor or a sibling of such minor from physical or sexual abuse that is heinous or shocking to the court."

3. The trial court's order specifically addresses only the Womacks' allegations under § 7505–4.2(H)(1) that Mother failed to maintain a relationship with B.R.W., and does not address the allegations under § 7505–4.2(I)(1) concerning abuse.

4. We do note the trial court's finding that the Womacks interfered with Mother's ability to maintain a relationship with B.R.W. because they only gave her a "post office box number" as their address when they moved does not appear to be supported by the evidence. According to the testimony, the Womacks provided Mother with their new address as "Rt. 1, Box 155, Ana-

darko, OK." Although this is not a "street address," it does describe a physical location which may be determined through inquiry. Moreover, § 7505–4.2(H)(2) required Mother to "prove to the satisfaction of the court that . . . she ha[d] taken sufficient legal action to establish and/or maintain a substantial and positive relationship" with B.R.W. prior to receiving notice of these proceedings. Mother's appellate argument that she could remain "passive" if her ability to maintain a relationship with her child was obstructed is of questionable validity.

5. Section 1912(f) of the ICWA provides:

No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the *continued custody* of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. (Emphasis added.)

The Oklahoma ICWA, 10 O.S.2001 § 40.1 *et seq.*, applies when ICWA applies. *See Matter of the Adoption of D.M.J.*, 1985 OK 92, 741 P.2d 1386.

---

in her non-Indian mother's custody since the parents' divorce.

¶ 7 In this case, it is undisputed that B.R.W. is an enrolled member of the Choctaw Indian tribe, as is Mr. Womack, and Mother admits she is a non-Indian in her brief.[6] Although Mother initially had custody of B.R.W., Mr. Womack has had legal custody of B.R.W. since July of 1998 by order of the Stephens County District Court. As in *D.M.J.*, ICWA did not apply to the Womacks' request to adopt B.R.W. without Mother's consent because they are clearly not attempting to "break-up an Indian family" nor attempting to interrupt the "continued custody" of an Indian child by an Indian parent. The trial court erred when it found that the Womacks failed to comply with § 1912(f) of ICWA, which requires a termination of parental rights determination be supported by evidence "beyond a reasonable doubt."

¶ 8 The Womacks' request for a determination that Mother's consent is unnecessary is governed by a "clear and convincing" burden of proof. *See Matter of Adoption of Darren Todd H.*, 1980 OK 119, 615 P.2d 287. The trial court's order is reversed, and the case is remanded for a new trial consistent with this opinion.

REVERSED AND REMANDED FOR NEW TRIAL.

JOPLIN, C.J., and BUETTNER, J., concur.

6. The Womacks also point out in their brief that Mother "made no proof of Native American blood." Admissions in an appellate brief are acceptable as material supplementing the record. *Deffenbaugh v. Hudson*, 1990 OK 37, 791 P.2d 84.